## Christian Kohlhaas, Appellant, *v.* Adolph Veit.

*Warrant of arrest—Sufficiency of affidavit—Averment of sum due—Act of July 12, 1842, P. L. 339.*

An affidavit, in support of a warrant of arrest under the act of July 12, 1842, P. L. 339, is sufficient which avers the fraudulent sale of the business and property of defendant for the purpose of placing it beyond the reach of defendant's creditors ; that the goods thus sold by defendant had been bought by him from plaintiff ; and that a note for which suit was pending was for the balance of the purchase money " due by them to deponent" for the same goods.

Such an affidavit is in no sense evasive or doubtful in character, but is a distinct statement of the existence of an indebtedness due from defendant to plaintiff, which he is seeking to recover in a pending suit.

It seems that in such a case no specific averment that a particular sum is presently demandable is necessary, where it reasonably appears that a debt was demanded, and suit had been brought for its recovery, or a judgment actually obtained.

Argued April 4, 1894. Appeal and certiorari, No. 318, Jan. T., 1894, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1893, No. 839, quashing warrant of arrest against defendant. Before STERRETT, C. J., GREEN, WILLIAMS, MITCH ELL and DEAN, JJ.   Reversed.

Warrant of arrest.

The affidavit upon which the warrant was issued was as follows:

" Christian Kohlhaas being duly sworn according to law deposes and says that, on or about December 2, 1893, Adolph Veit and his wife Theressa Veit, being the owners of a bottling business conducted by them at No. 543 Indiana avenue, in the city of Philadelphia, and of certain bottling machinery, tools, fixtures, horse, wagon and harness, of the value of $1,700, and being the owners of a retail milk business, conducted by them at the same place, of the value of $275, fraudulently disposed of said milk business and of the said bottling business, together with said machinery, tools, fixtures, horse, wagon and harness, to one Mahlon Dettera, for the nominal price of $600, with the intent to cheat and defraud their creditors, amongst whom is the deponent.

" That the said businesses and goods were disposed of as aforesaid for the purpose of fraudulently concealing the same from being seized and taken in execution by the creditors of the said Adolph Veit and Theressa Veit.

" That the said businesses and aforesaid goods were disposed of as aforesaid, pending the suit which was lately brought in the Court of Common Pleas No. 2, of Philadelphia County, as of March Term, 1893, No. 839, by deponent against the said Adolph Veit and Theressa Veit, to recover a balance of $700, due by them to deponent for part of the total purchase money of $1,700, agreed to be paid by them in purchase of said bottling business, machinery, tools, fixtures, horse, wagon and harness, aforesaid, which had been sold to them by deponent on or about April 24, 1893."

The affidavit of Gottfried Flam averred that, in the month of June, 1893, deponent heard the said Adolph Veit declare that if Christian Kohlhaas made trouble for him, he, the said Adolph Veit, would transfer his milk business to Mr. Dettera, to hold it for him until the suit was over, which was pending against him by the said Christian Kohlhaas, and he would see to it that the said Christian Kohlhaas did not get his hands on the said Adolph Veit's milk business.

George Pitschler made a similar affidavit.

The court quashed the warrant of arrest and discharged defendant, in an opinion by PENNYPACKER, J., 3 Dist. R. 141.

*Errors assigned* were (1, 2) above orders.

*John Marshall Gest, Charles Lex Smyth* with him, for appellant, cited: Grieb v. Kuttner, 135 Pa. 281; Morch v. Raubitschek, 159 Pa. 559; Acts of July 12, 1842, P. L. 339; July 8, 1885, P. L. 269; Fowler v. Hoffman, 31 Mich. 219; Hall v. Brown, 15 Upper Canada Q. B. 419; Mason v. Mason, 67 Me. 548; Leggett v. Bank, 24 N. Y. 285; s. c., 25 Barb. 326; Berger v. Smull, 39 Pa. 314; Com. v. Duncan, 1 Pitts. R. 207.

*W. B. Crawford*, for appellee, cited: Act of July 12, 1842, P. L. 339; Berger v. Smull, 39 Pa. 314; City Trust Co. v. Richards, 20 W. N. 53; Leggett v. Bank, 25 Barb. (N. Y.) 326.

OPINION BY MR. JUSTICE WILLIAMS, May 31, 1894:

The affidavit on which the warrant of arrest in this case was issued alleged the existence of a debt or demand due from the defendant, and the pendency of an action in the Court of Common Pleas of Philadelphia for its recovery. It also alleged the fraudulent sale of the business and property of the defendant for the purpose of placing it beyond the reach of defendant's creditors.

This affidavit was sustained by those of Geo. Pitschler and Gottfried Flam, who swore to the declarations of the defendant to the effect that he would place his property beyond the plaintiff's reach if he kept on trying to collect his demand. When the defendant was arrested and brought before the learned judge by whom the warrant was issued, he made no answer, but moved to quash the writ, and the learned judge made the order moved for because the averment in the affidavit that there was a debt due him from the defendant was not sufficiently definite. The averment is as follows: "That the said business and aforesaid goods were disposed of as aforesaid, pending the suit which was lately brought in the Court of Common Pleas No. 2 of Philadelphia county, as of March term, 1893, No. 839, by deponent against the said Adolph Veit and Theressa Veit to recover a balance of $700 due by them to deponent for part of the total purchase money of $1,700 agreed to be paid by them in purchase of said bottling business, machinery, tools, fixtures, horse, wagon, and harness aforesaid, which had been sold to them by deponent on or about April 24, 1893."

Here we have a statement that the goods sold by defendant had been bought by him from the plaintiff, and that the note in suit was for the balance of the purchase money " due by them to deponent " for the same goods.   This was in no sense evasive or doubtful in character, but was a distinct statement of the existence of an indebtedness due from the defendant to the plaintiff which he was seeking to recover in the court of common pleas.   The learned judge was mistaken therefore when he said of the affidavit, " It nowhere says that the sum is due."   The defendant should have been required to answer the plaintiff's affidavit, and if an issue of fact had thus been raised this should have been heard and decided by the judge.   The cases cited in support of the ruling appealed from do not support it.   Berger v. Smull & Sons, 39 Pa. 302, does not discuss this question, but an examination of the case shows that the affidavit was substantially like the one in this case.   It stated that there was at the time of bringing this suit "a balance due from the defendant to the plaintiff of $19,598.47 as per account current."   In this case the averment is that the action was brought " to recover a balance of $700 due by them to defendant for part of the total purchase money of $1,700, agreed to be paid by them."   The affidavit in Gosline v. Place, 32 Pa. 520, merely alleged that the defendant was " indebted to the said U. M. and W. H. Place in the sum of $3,019.90 for goods " which were particularly described in the affidavit, and that " suit has been commenced in the court of common pleas of said county for the recovery of the said debt."   No specific averment that a particular sum is presently demandable seems to have been thought necessary in any of the reported cases where it reasonably appeared that a debt was demanded, and suit had been brought for its recovery, or a judgment actually obtained.

The order quashing the warrant of arrest is reversed, and the record remitted with directions to proceed in accordance with the act of 1842.