# Mulholland's Case.

*Election laws—Appeals—Certiorari.*

Where a case under the election laws is brought into the appellate court by certiorari, the court cannot review the findings of facts or merits of the case, but it has jurisdiction to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion.

*Election law—Registration—Failure to register—Act of February 17, 1906, P. L. 49.*

A person presented a petition to the court of common pleas averring that he had in his possession naturalization papers, but had mislaid them, and did not find them in time to present them to the board of registrars. That subsequently he appeared in person before the commissioners of registration, and produced all proofs of his qualifications as an elector, including a certified copy of his naturalization papers, but they refused to register him because he had not produced the papers on one of the three registering days. The court allowed the appeal and indorsed on the petition "name to be added." It did not appear that he had presented a petition to the commissioners alleging error in the action of the registrars, nor did he allege that he was prevented from registering by illness, or unavoidable absence from the county. *Held*, that the common pleas had no jurisdiction, and that all of the proceedings before that court should be quashed.

MITCHELL, C. J., dissents.

Argued March 25, 1907. Appeal, No. 385, Jan. T., 1906, by Clinton Rogers Woodruff et al., Registration Commissioners, from order of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 4,140, adding name to registry list in case of William Mulholland. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Petition to add name to registry list.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Thos. Raeburn White*, for appellants.

No printed brief for appellees.

Opinion by Mr. Justice Potter, April 22, 1907 :

On November 2, 1906, William Mulholland filed a petition in the court of common pleas No. 2, for the county of Philadelphia, in which he averred that he was a qualified naturalized voter of the twentieth division, nineteenth ward, of the city of Philadelphia; that he had in his possession naturalization papers, but had mislaid them and did not find them in time to present them to the board of registrars; that on October 19, 1906, he appeared in person before the commissioners of registration and produced all proofs of his qualifications as an elector, including a certified copy of his naturalization papers, but they refused to register him as a qualified elector of his division, assigning as their reason that he should have produced naturalization papers on one of the three registering days. He prayed the court to grant him an appeal from the decision of the commissioners, and to make such order as they might deem just and right under the circumstances. The court allowed the appeal and on November 21, 1906, indorsed on the petition; "Name to be added," evidently meaning to order that the name of the petitioner should be added to the registry list.

By certiorari, the board of registration commissioners for the city of Philadelphia have brought the record before us for review. As to our jurisdiction in the matter, it is settled that "the judicial authority of this court extends to the review and correction of all proceedings of all inferior courts, except where such review is expressly excluded by statute, in accordance with the constitution:" Gosline v. Place, 32 Pa. 520. After considering the prior decisions, Justice Woodward said in Chase v. Miller, 41 Pa. 403, "Such, then, in general, is the jurisdiction of this court, to correct all manner of errors of inferior judicial tribunals; and that is not to be taken away, except by express terms or irresistible implication."

In a recent case, also arising under the election laws, Chief Justice Mitchell said: "The case having been brought to this court by certiorari, the first question is our jurisdiction. The proceeding being entirely statutory and without appeal, we cannot review the findings of fact or the merits of the case, but under the general supervisory powers of the court on certiorari we are entitled to inspect the whole record with

regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion : " Independence Party Nomination, 208 Pa. 108.

Turning to the law governing the present case, we find that the Act of February 17, 1906, P. L. 49, entitled " An act to provide for the general registration of electors in cities of the first and second classes of this commonwealth, to make such registration a condition of the right to vote in such cities, and to provide penalties for the violation of its provisions," provides (sec. 3) for the appointment for each of said cities of a board of registration commissioners, consisting of four members, who shall (sec. 5) each year appoint four registrars for each election district of the city.   The registrars of each division are required (sec. 6) to meet at the polling place thereof on the ninth Tuesday, seventh Tuesday and fourth Saturday preceding the November election and the fourth Saturday preceding every municipal election, and remain in open session from 7 A. M. to 10 P. M. of each registration day, to receive applications from persons claiming to be entitled to be registered as voters.   Every person claiming the right to vote is required (sec. 7) to appear before the registrars in the district in which he lives prior to every general election, and make answer to certain prescribed questions.   All persons claiming the right to vote by reason of naturalization must (sec. 9) produce the proper naturalization papers, or a certified copy thereof, before they shall be registered.   No person may be registered (sec. 8) unless at least three of the registrars determine that he possesses or will possess before the next ensuing election the qualifications of an elector as provided in the constitution and laws of this commonwealth, and only such persons (sec. 17) as shall be registered are permitted to vote at any general, special or municipal election.

If any citizen (sec. 15) objects to the action of the registrars in accepting or rejecting any claim for registration, he may file his petition with the commissioners setting forth the ground of his complaint, and the commissioners, after hearing, may amend the registry of voters in accordance with their decision. An appeal lies from the decision of the commissioners to the court of common pleas, but must be made not later than five

days preceding an election.   A qualified elector (sec. 15) who was too ill to appear at the polling place on any of the registration days, or was unavoidably absent from the county on those days, may petition the commissioners at any time up to two weeks before the general election, setting forth the facts and praying that his name may be added to the register.   Any person dissatisfied with the decision of the commissioners on such petition may appeal to the court of common pleas as in other cases.   But except in these two instances, no provision for an appeal appears in the act.   In the present case the petitioner had not been rejected by the registrars.   He does not even aver that he ever appeared before them on any one of the registration days, and he expressly admits that he did not produce to them his naturalization papers, or a certified copy thereof, as he was required to do as a prerequisite to registration.   He presented no petition to the commissioners alleging error in the action of the registrars, nor does he allege that he was prevented from registering by illness, or unavoidable absence from the county.   Under these circumstances the commissioners had no power under the act to order his name to be added to the register, nor is there any right given to the court of common pleas to entertain an appeal from their refusal to make such an order.   The record shows an entire absence of jurisdictional facts upon which the action of the court of common pleas could have been based.   Its proceedings are unauthorized by any of the provisions of the act of assembly.   The order of the court below is therefore reversed and set aside, and the proceedings upon the petition for an appeal from the decision of the commissioners of registration, are quashed.

MITCHELL, C. J., dissents.