## Commonwealth ex rel. v. Egan.

*Criminal law—Sentence on one judgment for distinct offences—Lumping sentence—Pandering Act of June 7, 1911.*

1. The Court of Oyer and Terminer may impose a sentence in one judgment for three distinct offences charged in the same indictment and of which defendant was convicted, where such sentence is not in excess of the maximum sentence which could have been legally imposed if the defendant had been sentenced separately upon each of the three counts of the indictment.

2. Where an indictment for pandering charges in three counts violations of the 1st, 3rd and 5th sections respectively of the Act of June 7, 1911, P. L. 698, and for each of these offences a maximum penalty of not more than ten years is provided, the court, on the conviction of the defendant on all three of the counts, may impose a maximum lumping sentence of twenty-five years.

*Habeas corpus—Confinement in penitentiary outside of county—Conviction of Oyer and Terminer—Jurisdiction of Common Pleas.*

3. The Court of Common Pleas has no jurisdiction to release a prisoner on *habeas corpus* because of illegal sentence, where it appears that he was convicted in the Court of Oyer and Terminer of the county where the writ of *habeas corpus* was issued and imprisoned in a penitentiary outside of such county.

4. In such cases, the Supreme and Superior Courts have jurisdiction to issue writs of *habeas corpus*.

Petition for writ of *habeas corpus*. C. P. Westmoreland Co., No. 634.

*Meyer Morris*, for relator.

*Nevin A. Cort*, District Attorney, for respondent.

WHITTEN, J., Dec. 8, 1923.—On June 16, 1917, at No. 25, May Term, 1917, in the Court of Oyer and Terminer of Westmoreland County, Pennsylvania, Andy Farral, the relator, was found guilty of violating the Act of June 7, 1911, P. L. 698. Judge Alexander D. McConnell, who presided at the trial, sentenced the said Andy Farral to pay a fine of $1 to the Commonwealth for the use of the county, and to be imprisoned in the Western Penitentiary, situate in Allegheny County, Pennsylvania, for a period of not less than twelve years and nine months and not more than twenty-five years.

Oct. 23, 1923, said Andy Farral, being then imprisoned in said Western Penitentiary pursuant to the term of the sentence aforesaid, presented his petition to this court, setting forth the matters above stated, and averring, *inter alia:* "That your relator is advised and believes that the said sentence of imprisonment is illegal and wholly void, for the reason that the law of the Commonwealth of Pennsylvania and the statute under which the penalty of the crime is authorized does not authorize a sentence greater than for a period of ten years, and that the said court was without jurisdiction in imposing upon your relator a minimum sentence of twelve years and nine months and a maximum sentence of twenty-five years, and that said sentence is, therefore, illegal and void, and that the detention of your relator in the Western Penitentiary of Pennsylvania, in Allegheny County, in execution thereof, is without any lawful authority," and praying that a writ of *habeas corpus* issue to the said warden of the penitentiary, directing him to produce the body of the relator, and that said relator be thereupon released and discharged from such imprisonment.

A writ of *habeas corpus* was granted as prayed for in the said petition. The district attorney filed an answer to the said petition, denying that the relator is entitled to the relief prayed for, or to any other relief.

It was agreed by counsel for the relator and the district attorney that there is no issue of fact in dispute, but only a question of law to be determined from an inspection of the record of the Court of Oyer and Terminer, and that the

Commonwealth ex rel. *v.* Egan.

relator waive his right to be brought in person before the court pending the decision of the cause.

The first count of the indictment charges that the defendant (relator) did: "On or about the 10th day of February, 1917, and at divers other times within two years last past, unlawfully and feloniously persuade, encourage, inveigle and induce Susan Haubert, a female person, to become a prostitute, contrary to the form of the act of the general assembly," etc.

The second count of the indictment charges that the defendant (relator) did: "Afterwards, to wit, on the same day and year aforesaid, unlawfully, feloniously and knowingly accept, receive and appropriate money, to wit, the sum of $87, without consideration, from the proceeds of earnings of the said Susan Haubert, a woman engaged in prostitution," etc.

The third count of the indictment charges that the defendant (relator) did: "Afterwards, to wit, on the same day and year aforesaid, unlawfully, feloniously and knowingly transport, and cause to be transported, from the State of Ohio into the Commonwealth and to the Borough of Greensburg, the said Susan Haubert, a female person, with intent and purpose to induce, entice and compel her, the said Susan Haubert, a female person, to become a prostitute," etc.

The first count of the indictment charges a violation of the provisions of the 1st section of the Act of June 7, 1911, P. L. 698, entitled "An act defining and prohibiting pandering, providing penalties for violation thereof, and regulating the competency of certain evidence at the trial thereof."

The second count charges a violation of the provisions of the 3rd section of the above statute; and the third count charges a violation of the provisions of the 5th section thereof.

The 1st section of the above statute defines the offence of pandering, and provides that a defendant, upon conviction thereof, "shall be sentenced to imprisonment by separate or solitary confinement at labor for a period of not more than ten years."

The offence described in the 3rd section of the statute (second count of the indictment) is not embraced in the 1st section thereof; neither is the offence described in the 5th section of the statute (third count of the indictment) included in the 1st or 3rd sections of said statute.

It must be apparent, from a perusal of the entire statute, that the legislature thereby intended that the offences described in the different sections thereof were separate offences, and that each was to carry its appropriate penalty. "Identity as to the acts in the two counts is not to be presumed; if the record showed an identity, but one sentence could be sustained:" Com. *v.* Birdsall, 69 Pa. 482.

In the above case, the court (Agnew, J., page 485) said: "When . . . an indictment charges in one count a breaking and entering a building with intent to steal, and in another count a stealing in the same building on the same day, and the defendant is found guilty, generally the sentence, whether that which is proper for the burglary only, or for the burglary and larceny also, cannot be reversed on error because the record does not show whether one offence only or two were proved at the trial; and as this must be known by the judge who tried the cause, the sentence will be presumed to have been according to the law that was applicable to the facts proved. . . . There can be no doubt the Court of Quarter Sessions had good reasons for passing the sentence on each count of this indictment; and so the defendant or his counsel must have thought or he would not have suffered three years to run, and when the facts were likely to be forgotten, before taking out a writ of error."

In the instant case, judgment was entered upon the verdict June 16, 1917. From this judgment no appeal was taken. Judge Alexander D. McConnell, who presided at the trial, died Sept. 6, 1921. The notes of testimony taken at the trial have not been preserved. The indictment contained three counts, each charging separate offences. The learned trial judge must have been satisfied that the evidence warranted the verdict of guilty on each count. The maximum penalty on each count is imprisonment for ten years. Here, the maximum penalty imposed was twenty-five years. Therefore, the sentence necessarily embraced a penalty for each of the three counts in the indictment.

Undoubtedly, if the court had sentenced the defendant separately upon each of the three counts, the total of the terms of imprisonment which could have been lawfully imposed might have exceeded both the total of the minimum and the maximum terms of imprisonment now complained of.

Therefore, the only question before the court is whether a lumping sentence upon the three counts in the indictment can be sustained, or, rather, whether such a sentence can be reviewed upon a writ of *habeas corpus.*

In Com. ex rel. Hallett *v.* McKenty, 80 Pa. Superior Ct. 249, the defendant plead guilty to six indictments, each charging a separate offence. The maximum penalty for each offence was three years imprisonment. The defendant was sentenced to the penitentiary for a period of not less than seven and a-half years and not more than thirty years. The defendant had been previously convicted twice of the same crime, but the indictment did not set forth such previous convictions. For this reason, the Superior Court held that the total imprisonment could not exceed eighteen years. In the opinion (page 250) the court says: "In the present case, a lumping sentence was imposed on all six indictments. This was improper. The defendant should have been sentenced separately on each indictment, and the court should have stated whether the sentences were to run concurrently or successively. The maximum sentence which could have been imposed upon the relator was three years on each indictment, or eighteen years in all, if the sentence were to run successively. It follows that a maximum sentence of thirty years was illegal and cannot be sustained."

The relator was remanded to the Court of Quarter Sessions to be resentenced in accordance with law.

Where a prisoner in *habeas corpus* proceedings shows that he has not been sentenced according to law, the court will not discharge him, but will remand him for resentence in accordance with law: Halderman's Case, 53 Pa. Superior Ct. 554.

In the case of Com. ex rel. Snyder *v.* Francies, 58 Pa. Superior Ct. 273, the court (opinion, page 274) says: "It is claimed, however, that, as he did not appeal, and as the term has passed at which he was sentenced, the trial court could not resentence him, and, therefore, he is entitled to an unconditional discharge. But this conclusion seems inconsistent with the position taken by relator's counsel, which is that the sentence was absolutely void. . . . In some cases it is held that the judgment is valid to the extent to which it might have been entered, but void for the excess, and if we had power to revise the record in a *habeas corpus* proceeding, a modification of the sentence might be decreed; but the record is not before us for review, except in aid of the writ of *habeas corpus.* We have authority, however, to detain the prisoner and remit the record to the trial court for a resentence according to law. His complaint is not that he is wrongfully in prison, but that the court had not jurisdiction to impose the penalty exhibited in the record. He is only entitled to relief to the extent to which his imprisonment would be unlawful. . . . The relator is

Commonwealth ex rel. v. Egan.

not in confinement under a lawful judgment. He ought not to be set at liberty, however, until he has undergone the imprisonment which the law imposes on one committing the offence to which he pleaded guilty and the offences for which he was convicted."

That a defendant may be separately sentenced upon two or more counts in an indictment, if the different counts charge different offences, is well settled: Com. v. Birdsall, 69 Pa. 482.

Where a defendant on an indictment for fornication and bastardy is convicted "in the manner and form as the defendant stands indicted," it is error to sentence the defendant only upon the charge of fornication: Com. v. Gurley, 45 Pa. 392.

"It is generally held erroneous to consolidate into one sentence the total punishment which may be inflicted for each offence of which defendant is convicted, although in some jurisdictions a single sentence in gross is held proper, provided the sentence is not in excess of the maximum allowed by law for all the offences of which the defendant has been found guilty:" 16 Corpus Juris, 1281.

In Myers v. Morgan, 224 Fed. Repr. 413, the indictment contained two counts, each charging the defendant with a violation of the Mann Act, commonly called the "White Slave Act." The same woman was referred to in each count. The defendant was convicted on both counts. The maximum punishment provided by the act for one offence was five years' imprisonment. The sentence of the court was that the defendant "be imprisoned . . . for a period of ten years."

Afterwards the defendant presented his petition for a writ of *habeas corpus*, alleging, *inter alia*, "that the sentence is beyond the maximum prescribed by the statute, and is, therefore, a nullity."

On appeal from the United States District Court, the United States Circuit Court decided that the two counts in the indictment charged separate offences, and that the record showed a conviction on both counts. Speaking of the defendant's contention that a lumping sentence embracing both counts was illegal, the court (opinion, page 414) says: "As the record does not show the facts upon which he was convicted on the two counts, and this being a collateral proceeding, we are only concerned with the question whether the court which imposed sentence on the petitioner had jurisdiction and whether it acted in excess of its jurisdiction. The record shows that the court had jurisdiction, and, in our opinion, the court did not act in excess of its jurisdiction in imposing a sentence of ten years in one judgment for two distinct offences."

In Howard v. Moyer, Warden, 206 Fed. Repr. 555, the accused was charged in two counts with separate offences, and, on conviction on both counts, a single sentence of ten years' imprisonment was imposed. The maximum penalty for the offence charged in each count was five years' imprisonment. The defendant's petition for a writ of *habeas corpus* was dismissed. In that case the court (opinion, page 557) says: "In the Coy Case, 127 U. S. 731, 757, . . . Mr. Justice Miller says this: 'An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity, and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous.' In the present case the maximum period for which the defendant might have been sentenced, if the sentence had been on the separate counts, is not exceeded, and, as has been stated, it is perfectly clear what the court intended. Therefore, even if the judgment of the court be irregular or even erroneous, it cannot be considered as a nullity and the prisoner discharged when it does not exceed the term for which he might be sentenced under the

statute. Even if the court committed an error in imposing the sentence as it did, that cannot be corrected by a writ of *habeas corpus*. A writ of *habeas corpus* is not a writ to be used for the correction of errors."

"The ultimate question involved in *habeas corpus* proceedings is generally one of jurisdiction. Want of jurisdiction over person or subject-matter is always ground for relief on *habeas corpus*, for if the court has acted without jurisdiction, the judgment is absolutely void, even on collateral attack. Want of jurisdiction within the rule involves want of jurisdiction to render the particular judgment, as when the court having jurisdiction to impose only a fine imposed imprisonment:" 29 Corpus Juris, 30.

"*Habeas corpus* lies only to determine the question of the jurisdiction and lawful power of the custodian to hold the petitioner in custody; it is not available as a substitute for an appeal or writ of error, or other revisory remedy for the correction of errors, either of law or fact. . . . When the restraint is under legal process, mere errors and irregularties which do not render the proceeding void are not ground for relief by *habeas corpus*, because in such cases the restraint is not illegal:" 29 Corpus Juris, 25.

"Upon *habeas corpus*, the court examines only the power and authority of the court to act, and not the correctness of its conclusions:" Glasgow v. Moyer, Warden, 225 U. S. 420.

"*Habeas corpus* cannot properly be made a substitute for an appeal:" Com. ex rel. Greevy v. Reifsteck, 271 Pa. 441. See, also, Halderman's Petition, 276 Pa. 1.

An indictment triable only in the Court of Oyer and Terminer was tried in the Court of Quarter Sessions. Held, that this was only an irregularity which could not be corrected by a writ of *habeas corpus*: Com. ex rel. Greevy v. Reifsteck, 271 Pa. 441.

In Halderman's Petition, 276 Pa. 1, the court (opinion, page 2) say: "Except in unusual cases, . . . the writ of *habeas corpus* can be effectively invoked here by one convicted of crime, where it appears the sentencing court was without jurisdiction (Com. v. Ketner, 92 Pa. 372), where the record shows no crime was committed or the passing of an illegal sentence (Halderman's Case, 53 Pa. Superior Ct. 554), or where there is an improper detention of the relator after the expiration of his term of imprisonment by lapse of time or pardon."

Assuming that the Court of Common Pleas of Westmoreland County has jurisdiction of the subject-matter of the relator's petition, and also has jurisdiction to require the Warden of the Western Penitentiary, who resides in the County of Allegheny, in which county the relator is confined, to produce the body of the relator before the court, we are of the opinion that the record of the Court of Oyer and Terminer of Westmoreland County warrants the conclusion that the defendant was found guilty of three separate offences charged in three separate counts of one indictment, and that the sentence imposed was not in excess of the maximum sentence which could have been legally imposed if the defendant had been sentenced separately upon each of the three counts of the indictment.

Under such circumstances, we are of opinion that the Court of Oyer and Terminer had jurisdiction of the cause, and that said court did not act in excess of its jurisdiction in imposing a sentence of not less than twelve years and nine months and not more than twenty-five years' imprisonment in one judgment for the three distinct offences charged in the same indictment: Brinkman v. Morgan, Warden, 253 Fed. Repr. 553.

The relator's learned counsel has not cited any authority showing that the

Court of Common Pleas of Westmoreland County has jurisdiction in the premises. Without jurisdiction, no court can enter a valid judgment.

The Act of Feb. 18, 1785 (Purdon's Digest, 1916), as amended by the Act of April 13, 1791 (2 Purdon's Digest, 1822), provides that it shall and may be lawful for a person, committed or detained for any criminal or supposed criminal matter, to complain to any judge of the Supreme Court or to a judge of the "Court of Common Pleas for the county within which the person is so committed or detained" for a writ of *habeas corpus*. Section 2 of the Act of 1785 reads thus: "In term-time it shall and may be lawful for any prisoner as aforesaid, in manner aforesaid, to move and obtain his or her *habeas corpus* out of the Supreme Court or Court of Common Pleas for the county in which he or she is imprisoned, whereupon proceedings shall be had as aforesaid."

The relator in his petition avers that he is illegally detained "in the Western Penitentiary of Pennsylvania, in Allegheny County."

If the Act of 1785, as amended by the Act of 1791, was intended to empower any Court of Common Pleas in Pennsylvania to issue a writ of *habeas corpus* to determine whether a Court of Oyer and Terminer in Pennsylvania had acted without jurisdiction, or in excess of its jurisdiction, in imposing a sentence upon one convicted in such Court of Oyer and Terminer for the commission of a crime—jurisdiction so to do is specially limited to the "Court of Common Pleas of the county within which the person is so committed or detained."

Here, the relator is detained within the County of Allegheny and not within the County of Westmoreland. Therefore, it does not appear that the Court of Common Pleas of Westmoreland County has jurisdiction to hear and determine the relator's cause.

Whether the Court of Common Pleas of Allegheny County has jurisdiction to decide whether the Court of Oyer and Terminer of Westmoreland County acted without jurisdiction, or in excess of its jurisdiction, we need not now inquire.

That the Supreme Court and the Superior Court of Pennsylvania have jurisdiction to issue a writ of *habeas corpus* in such a case is well settled: Gosline *v.* Place, 32 Pa. 520; Com. *v.* Gibbons, 9 Pa. Superior Ct. 527; Com. ex rel. *v.* Veley, 63 Pa. Superior Ct. 489.

In Gosline *v.* Place, 32 Pa. 520 (opinion, page 524), the court, after speaking of the jurisdiction of the Supreme Court, say: "And the Court of Common Pleas, as a court, has the same authority at common law over its inferior magistrates by means of writs of *habeas corpus* and *certiorari;* and to this added the express authority given by the Constitution (art. v, § 8) to exercise the same authority over justices of the peace by means of writ of *certiorari* that the Supreme Court has over all inferior jurisdictions."

As above stated, the Act of 1785 authorizes the judges of the Courts of Common Pleas to issue writs of *habeas corpus* in certain cases at the instance of one who claims to be illegally detained *within the county*, and to remand or release the relator, as justice may require, even though a criminal charge may be pending against such relator in the Quarter Sessions of that county.

However, no authority has been cited—and we have discovered none—authorizing a Court of Common Pleas, upon *habeas corpus* proceedings, to release and discharge one after he has been imprisoned in the penitentiary by virtue of a final judgment of the Court of Oyer and Terminer. In other words, the Court of Common Pleas does not sit as a court of appeal to review the final judgments of the Courts of Oyer and Terminer. These are courts of co-ordinate jurisdiction, each taking cognizance of matters within the orbit

of its appropriate jurisdiction. In the absence of constitutional or statutory authority so to do, neither is empowered to hear and determine an appeal from the judgment of the other.

Indeed, in all the cases cited by the relator's learned counsel in which the final judgment of a Court of Quarter Sessions or a Court of Oyer and Terminer was reviewed in *habeas corpus* proceedings, the relator's petition for release was presented directly either to the Supreme Court or to the Superior Court.

It has not been shown that this court has jurisdiction to grant the relief sought by the relator in this case.

And now, Dec. 8, 1923, after hearing, and upon due consideration, for the reasons set forth in an opinion filed herewith, the petition for a writ of *habeas corpus* is dismissed and the relator, Andy Farral, is remanded to the custody of John N. Egan, Warden of the Western Penitentiary of Pennsylvania.

From William S. Rial, Greensburg, Pa.