# Commonwealth ex rel. Snyder *v.* Francies.

*Criminal law—Sentence—Third conviction.*

A person sentenced to a maximum term of thirty years for receiving stolen goods although the indictment did not charge that he had been convicted previously of any offense, is not entitled to an absolute discharge in habeas corpus proceedings, but the record of his case will be remitted to the trial court for a resentence according to law.

Petition for habeas corpus proceedings against John Francies, Warden of the Western Penitentiary of Pennsylvania. Miscellaneous Docket No. 30.

OPINION BY RICE, P. J., July 15, 1914:

The relator pleaded guilty to the second count of an indictment charging him with receiving a stolen horse, and, on October 5, 1909, was sentenced to imprisonment in the Western Penitentiary for a maximum term of thirty years and a minimum term of seven and one-half years. The indictment did not charge that he had been convicted previously of any offense. Therefore, the limit of imprisonment to which he could have been sentenced lawfully was a maximum term of ten years and a minimum term of two and one-half years: Sec-

tion 105 of the Crimes Act of 1860; sec. 6 of the Act of May 10, 1909, P. L. 495; Halderman's Case, 53 Pa. Superior .Ct. 554. If he had appealed from the judgment within the statutory period, the judgment would have been reversed and the record remitted in order that a lawful sentence be imposed: Com. v. Shields, 50 Pa. Superior Ct. 194, and cases there cited. It is claimed, however, that as he did not appeal, and as the term has passed at which he was sentenced, the trial court could not resentence him and therefore he is entitled to an unconditional discharge. But this conclusion seems inconsistent with the position taken by relator's counsel, which is that the sentence was absolutely· void. Moreover, it suggests the appropriateness of quoting these remarks of the Supreme Court in Beale v. Com., 25 Pa. 11: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine, that a prisoner whose guilt is established by a regular verdict is to escape punishment altogether because the court committed an error in passing the sentence." In In re Bonner, 151 U. S. 242, Justice FIELD said: "Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct; the excess of jurisdiction on the part of the court being in enlarging the punishment, or in enforcing it in a different mode or place than that provided by the law. But in such cases there need not be any failure of justice, for, where the conviction is correct, and the error or excess of jurisdiction has been as stated, there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected." The learned justice, farther on in his opinion, after quoting the above language of our Supreme Court in Beale v. Com., said of it: "It is true that this language was used in a case pending in the Supreme Court of a state on writ

of error, but if then the court would send the case back to have the error, not touching the verdict, corrected, and justice enforced, there is the same reason why such correction should be made when the prisoner is discharged on habeas corpus for alleged defects of jurisdiction in the rendition of the judgment under which he is held. The end sought by him—to be relieved from the defects in the judgment rendered to his injury—is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him." It is to be observed that, while the statutory writ of habeas corpus in Pennsylvania is of limited application, the efficacy of the common-law writ reaches much farther, and it has many forms according to the character of the case in which it is applied: Com. v. Gibbons, 9 Pa. Superior Ct. 527. Indeed, Justice Lowrie said in Gosline v. Place, 32 Pa. 520: "If a habeas corpus at common law issues, and the return to it shows that the prisoner is held by virtue of proceedings in a court, or before a magistrate, over which the court issuing the habeas corpus has a supervisory authority, the said court may issue a certiorari to bring up the record; and may thereupon hear and decide the case, or review and correct the proceedings, in order to give efficacy to the writ of habeas corpus." But we need not undertake to precisely define the limits of the appellate court's jurisdiction in administering the common law writ of habeas corpus, or make an extended citation of authority upon the mode of exercising that jurisdiction in the varied cases that may arise. The question here presented was decided, after mature and deliberate consideration, in Halderman's Case, where Judge Henderson, speaking for this court, said: "There has been a difference of view in various jurisdictions as to the validity of a judgment which exceeds in its period of imprisonment the time prescribed by law. In some cases it is held that the judgment is valid to the extent to which it might have been entered but void

for the excess, and if we had power to revise the record in a habeas corpus proceeding a modification of the sentence might be decreed, but the record is not before us for review except in aid of the writ of habeas corpus. We have authority, however, to detain the prisoner and remit the record to the trial court for a resentence according to law. His complaint is not that he is wrongfully in prison but that the court had not jurisdiction to impose the penalty exhibited in the record. He is only entitled to relief to the extent to which his imprisonment would be unlawful. No good reason appears why this procedure should not prevail on a writ of habeas corpus in which the cause of complaint does not touch the regularity of the proceeding in any respect except as to the extent of the term of imprisonment. The relator is not in confinement under a lawful judgment. He ought not to be set at liberty, however, until he has undergone the imprisonment which the law imposes on one committing the offense to which he pleaded guilty and the offenses for which he was convicted. This is the practice approved in In re Bonner, 151 U. S. 242, where it was said that the defect in jurisdiction to enter the particular judgment could be cured by giving the court below an opportunity to pronounce the sentence which the law requires. By this course the relator is relieved from the excessive punishment imposed and the law is vindicated by the appropriate penalty." After full reconsideration of the question, with the aid of the able brief of relator's counsel, we adhere to the foregoing conclusion.

It is true, the order made in Halderman's Case differs from that made in the Bonner case, but the obvious purpose and the practical effect of both orders are the same, namely, to give the trial court opportunity to sentence the prisoner in accordance with law upon the verdict of the jury or his plea of guilty which stands against him. Nor are we convinced that there is any objection of a technical nature to the form of the order

made in Halderman's Case which ought to prevail where the relator has not endured the punishment to which he could have been lawfully sentenced. Therefore, a similar order will be made in the present case. It is to be presumed that in resentencing the relator the court will give due consideration to the punishment already suffered by him.

Now, to wit, July 15, 1914, it is ordered and adjudged that the relator be remanded for resentence, and that the record be remitted to the court below, to the end that appropriate process may be issued to bring him into that court for such resentence in accordance with law.