# Commonwealth v. Halderman, Appellant (No. 1).

*Criminal law—Sentence—Re-sentence—Acts of May 10, 1909, P. L. 495, and June 19, 1911, P. L. 1055.*

1. Where a prisoner convicted of burglary, carrying a concealed deadly weapon and wantonly and playfully pointing a pistol, has been sentenced under the provisions of the Act of May 10, 1909, P. L. 495, and the Superior Court has held on a writ of habeas corpus that the sentence was excessive and has remitted the record to the court of oyer and terminer, the latter court cannot, in re-sentencing the prisoner, impose a sentence upon him under the Act of June 19, 1911, P. L. 1055, which went into effect after the first sentence was imposed and at a time when the prisoner was serving imprisonment.

2. In such a case, as the lower court had jurisdiction, the original sentence was voidable only as to its excess, and the action of the lower court should have been the correction of the record as to the term of imprisonment by a sentence authorized by the act of May 10, 1909.

Argued Oct. 5, 1914. Appeal, No. 15, March T., 1914, by defendant, from order of O. & T. Columbia Co., Dec. Sessions, 1910, No. 2, resentencing prisoner in case of Commonwealth v. Elmer Halderman. Before RICE,

400   COM'WEALTH *v.* HALDERMAN, Appellant (NO. 1).

Statement of Facts—Opinion of the Court.   [59 Pa. Superior Ct.

P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Proceedings to re-sentence prisoner.   Before EVANS, P. J.

*Error assigned* was the sentence of the court.

*A. E. Hutchinson,* of *MacCoy, Evans, Hutchinson & Lewis,* with him *Neil Chrisman,* for appellant.—The court below erred in imposing a sentence on appellant on December 20, 1913, under the Act of June 19, 1911, P. L. 1055. His sentence should have been in accordance with the Act of May 10, 1909, P. L. 495, 5 Purdon's Digest (13th ed.), 5381.

The principle is clearly established that when a court properly having jurisdiction of the crime and the person of the accused imposes a sentence, but in so doing exceeds its authority, either as to the mode, extent or place of execution of that sentence, such sentence is not void, but is a valid sentence, except as to the excess or error: In re Bonner, 151 U. S. 242; United States v. Pridgeon, 153 U. S. 48.

In its opinion in this case, the Superior Court intimated that except for the fact that the record was before them only in aid of a writ of habeas corpus, they would at that time have modified the sentence. The appellant now being before the court on an appeal and certiorari, this court has power to impose the sentence which the court below should have imposed: Beale v. Com., 25 Pa. 1; Com. v. Barge, 11 Pa. Superior Ct. 164.

No appearance nor printed brief for appellee.

OPINION BY HENDERSON, J., April 19, 1915:

The appellant was sentenced December 7, 1910, to a minimum term of seven and one-half years and a max-

imum term of thirty years for burglary, carrying a concealed deadly weapon and wantonly and playfully pointing a pistol. The sentences were imposed under the Act of May 10, 1909, P. L. 495, on the understanding of the trial judge that the defendant had twice before been convicted, sentenced and imprisoned in a penitentiary for terms in excess of a year each. After the defendant had undergone imprisonment for some months he sued out a writ of habeas corpus in the Superior Court—Halderman's Case, 53 Pa. Superior Ct. 554—alleging that he was unlawfully imprisoned, in that the sentence of the court below was not conformable to law. The conclusion of this court was that, inasmuch as it was not charged in the indictments against the defendant that he had been twice before convicted of offenses for which he had undergone imprisonment in a penitentiary for terms in excess of a year each, the penalty imposed in the sentence was not authorized by the statute; that the term of imprisonment fixed was greater than the limit allowed by law and that the identical judgment was therefore illegal; whereupon, the record was remitted to the court below in order that the sentences might be entered to conform to the provisions of the statute. The defendant was re-sentenced December 20, 1913, under the Act of June 19, 1911, P. L. 1055, on the indictment for carrying a concealed deadly weapon and for wantonly and playfully pointing a pistol, for a term not less than two years and eleven months, nor more than three years; and on the indictment for burglary, for a term not less than nine years and ten months, nor more than nine years and eleven months, the sentence on the indictment for burglary to begin on the expiration of the sentence imposed under the other indictment. From these judgments the defendant appealed, assigning for error the action of the court in imposing sentence under the act of June 19, 1911, instead of under the act of May 10, 1909. The effect of the sentence under the act of 1911

was to impose on the appellant a much longer minimum term than that to which he could be subjected under the act of 1909. The learned judge of the court below acted on the assumption that the original sentence was wholly void and that sentence should be imposed under the act of 1911, it having repealed the provision of the act of 1909 relating to sentences for imprisonment in the penitentiary. It was not our decision, however, that the first sentence of the defendant was wholly void. The court had jurisdiction of the cases and had authority to impose sentences for the periods which the statute prescribed. It was only with respect to the excess of the term of imprisonment that the jurisdiction of the court was exceeded. If the court had been without jurisdiction of the cause the sentence would have been void, but having jurisdiction in the premises the sentence was voidable as to its excess. It was not considered by this court that it had authority to amend the record of the court below in the habeas corpus proceeding. The relator was detained and the record remitted to the court below to permit the correction of the judgments so that they would comply with the law. But this did not authorize that court to impose a sentence under a statute enacted after the defendant was convicted and had undergone a part of the imprisonment imposed. Section 18 of that act provides that it shall take effect on June 30, 1911, and "shall not apply to any person heretofore sentenced and now serving imprisonment under or by virtue of any law enacted prior to that date." The appellant's case was within the exclusion of this provision. He was sentenced under a law enacted prior to June 30, 1911, and was serving imprisonment at the time that statute went into effect. True it is that the sentence which he was undergoing was not pronounced in conformity to the statute then in force because it included a longer imprisonment than the court could impose, but it was not a nullity inasmuch as the court had jurisdiction of the offenses and

of the person: United States v. Pridgeon, 153 U. S. 48; and it was to enable the court to correct the sentence to the extent that it was in excess of that allowed by law that the record was remitted to the court below in the habeas corpus proceeding. The action of that court should have been the correction of the record as to the term of imprisonment by a sentence authorized by the act of 1909.

The judgment is therefore reversed and the case remitted to the court below with direction to reform the original sentence to comply with the provisions of that statute.