# Commonwealth v. Bingle, Appellant.

*Criminal law—Conspiracy—Evidence—Acts and declarations of conspiracy—Township officers—False warrants.*

The acts and declarations of a conspirator, in furtherance of a common purpose are evidence against himself, and also against his associate, when they are made during the performance of the fraudulent transaction, which constitutes the crime charged, for they form a part of such transaction.

Community of design and intent must be established before the acts and declarations of a co-conspirator may be properly received in evidence, and such things can always be proved when it is clear that they related to the furtherance of the common design.

If two persons pursue by their acts the same object, one performing one act or a part of an act, and other another act or part of an act, so as to complete the transaction with a view to attain-

ment of the object they are pursuing, a jury is at liberty to draw the conclusion that they have been engaged in a conspiracy to effect that object.

On the trial of an indictment of township officers for conspiracy in issuing false warrants, where it appears that at a meeting of the auditors of the township warrants were presented that were admitted to be false, both as to the name of the payee and consideration, and that they were conclusively the design of the defendants and necessarily involved previous arrangement and consultation between them, statements and declarations of the defendant made at the audit are admissible in evidence.

*Criminal law—Trial—Remark by district attorney.*

When on the trial of a criminal indictment the district attorney starts to say, "you will remember, gentlemen, the defendants who testified, said," when he was interrupted by counsel with a request to the court to withdraw a juror, the court commits no error in refusing such request, where it appears that the district attorney did not name those of the defendants who testified, and did not further comment on the testimony.

*Criminal law—Sentence—Improper sentence—Remanding case for re-sentence.*

Where the trial court improperly sentences a prisoner to the penitentiary for a period less than a year, the appellate court will not reverse the conviction, but will remand the case to the court below to impose a proper sentence.

Argued Oct. 20, 1915. Appeals, Nos. 5 and 6, April T., 1916, by defendants, from judgment of Q. S. Lawrence Co., March Session, 1914, No. 3, on verdict of guilty in case of Commonwealth v. John Bingle, C. B. Burns and J. M. Badger. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Judgment modified.

Indictment for conspiracy. Before WILLIAM E. PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which the defendants were

sentenced to imprisonment in the western penitentiary for seven and five months respectively.

*Errors assigned* were various rulings on evidence and instructions, the refusal to withdraw a juror and sentence to the penitentiary instead of to the county jail.

*J. Norman Martin,* with him *Norman A. Martin,* for appellant.—The declarations of the defendant were not admissible: Com. v. Bliss, 12 Philadelphia 580; Heine v. Com., 91 Pa. 145; Wagner v. Haak, 170 Pa. 495.

The court should have withdrawn a juror: Com. v. Bell, 20 Pa. C. C. R. 223; Com. v. Brown, 16 W. N. C. 557.

The sentence is simple imprisonment for less than one year and the place of confinement is the common jail: Com. v. Fetterman, 26 Pa. Superior Ct. 569.

*Clyde V. Ailey,* District Attorney, with him *Wylie McCaslin,* for appellee.—Declarations and acts of conspirators are admissible against each other when made or done during the existence of the conspiracy or continuance of the common purpose or in furtherance thereof: Confer, et al., v. McNeal, 74 Pa. 112; Heine v. Commonwealth, 91 Pa. 145; Commonwealth v. Zuern, 16 Pa. Superior Ct. 588; Commonwealth v. Tack, 1 Brewst. 511; Commonwealth v. Williams, 31 Pa. Superior Ct. 372; Com. v. Stambaugh, 22 Pa. Superior Ct. 386.

OPINION BY ORLADY, J., March 1, 1916:

These defendants were charged, together with H. M. Badger, with conspiracy to cheat and defraud Wayne Township in Lawrence County, by issuing and procuring to be issued township orders upon the treasurer of the road fund; and in procuring the money to be paid by the treasurer on these orders for services that had not been rendered, to persons to whom no money was legally owing from the township; and in falsifying the account

books of the pathmaster of the township in order to falsely represent that work had been done by the payee of the orders.

Bingle was the supervisor, Badger the pathmaster, and Burns the treasurer of the road fund of the township. The trial resulted in the acquittal of Badger, and the conviction of these appellants. Separate appeals have been brought by them, and have been argued together in this court.

When the accounts of the township were being considered by the auditors, these defendants presented their respective claims for services and expenditures, and during the investigation certain incriminating facts were developed, and certain accounts were shown to be so palpably false, that to cover the delinquencies of these defendants, Bingle paid $223.40 and Burns $82.00, to the incoming treasurer of the township.

The law is well settled that the acts and declarations of a conspirator, in furtherance of a common purpose, are evidence against himself, and also against his associate, when they are made during the performance of the fraudulent transaction, which constitutes the crime charged, for they form a part of such transaction: Commonwealth v. Stambaugh, 22 Pa. Superior Ct. 386; Commonwealth v. Moyer, 52 Pa. Superior Ct. 548.

Community of design and intent must be established before the acts and declarations of a co-conspirator may be properly received in evidence, and such things can always be proved when it is clear that they related to the furtherance of the common design. If two persons pursue by their acts the same object, one performing one act or a part of an act, and the other another act or part of an act, so as to complete the transaction with a view to the attainment of the object they are pursuing, a jury is at liberty to draw the conclusion that they have been engaged in a conspiracy to effect that object: 6 A. & E. of Law 823. The essence of the offense of conspiracy consists in the unlawful agreement and combination of the

COMMONWEALTH *v.* BINGLE, Appellant.     109

105, (1916).]          Opinion of the Court.

parties; and therefore it is completed whenever such combination is formed. While it is often difficult to fix the exact moment when a conspiracy is complete, it is generally understood to be the law, that when an act is done to effect the object of the conspiracy, that moment, criminal liability is fixed. As soon as there is a union of wills to accomplish the unlawful purpose, the offense is complete, and there is no difference in law between those who originally form the design and those who subsequently enter into it with a knowledge of its character: Henry's Trial Evidence, 244.

The presentation to the auditors of the warrants that were admittedly false, both as to name of payee and consideration, was conclusively the design of both, and necessarily involved previous arrangement and consultation between them to make the fraud effective; their clearly proved concerted action in at first denying the existence of the pathmaster's account book, and afterwards in falsifying its contents; their official relation to each other and necessity for their knowingly joining their acts to effect a common purpose, which could not be considered as fully consummated until the accounts had been finally approved by the auditors, could lead to no other conclusion than that the conspiracy, as such, was complete at the time the fraudulent warrants were issued by Bingle for the benefit of himself and Burns, and that the common purpose was to defraud Wayne Township, and personally profit by that fraud to the extent, at least of the amounts they returned to the incoming treasurer.

During the argument by the district attorney he stated to the jury, "You will remember, gentlemen, the defendants who testified said," when he was interrupted by counsel with a request to have a juror withdrawn. The record shows that Badger and Burns were witnesses in their own behalf: Bingle did not testify. The trial judge held that the district attorney "made the statement as if to proceed to comment upon the testimony of the two defendants who had been called as witnesses,

and not having mentioned their names, and not having referred to the defendant who did not testify" the remark was not violative of their rights and refused the request. No harm resulted from this indefinite and incomplete statement, and the reason given by the trial judge warranted his refusal to withdraw a juror and continue the case: Commonwealth v. Striepeke, 32 Pa. Superior Ct. 82; Commonwealth v. Martin, 34 Pa. Superior Ct. 451; Commonwealth v. Moyer, 52 Pa. Superior Ct. 548; Knoller v. Realty Co., 59 Pa. Superior Ct. 544.

The verdict was fully warranted by the evidence, and we find no reversible error in the trial. The sentence imposed by the court was evidently an oversight, and may be corrected, and the proper sentence imposed, as is clearly shown by our practice in such cases: Commonwealth v. Fetterman, 26 Pa. Superior Ct. 569; Commonwealth v. Lewis, 29 Pa. Superior Ct. 282; Commonwealth, ex rel., v. Frencies, 58 Pa. Superior Ct. 273. The assignments of error are overruled, excepting the 15th and 16th. The defendants having been admitted to bail pending this appeal, the sentence imposed by the court is reversed in each case and the record is remitted to the court below to the end that the proper sentence be imposed in conformity with the acts of assembly.