## Commonwealth ex rel. *v.* Francies.

*Criminal law—Sentence—Maximum and minimum limits—Acts of May 10, 1909, P. L. 495, and June 19, 1911, P. L. 1055, section 6.*

A sentence passed on January 5, 1917, that the prisoner pay a fine of $500 and undergo imprisonment in the western penitentiary for and during the period of eight years, to be computed from the day of sentence, disregards the Indeterminate Sentence Act of June 19, 1911, P. L. 1055, section 6, and the appellate court will

reverse the sentence and remand the prisoner, submitting the record to the court below to the end that proper process may be issued to bring the prisoner into court for resentence in accordance with the law.

Submitted October 18, 1920.    Petition for writ of habeas corpus to the Superior Court, October T., 1920, No. 309, by Commonwealth of Pennsylvania ex rel. Michael Gaffigan v. John Francies, Warden of the Western Penitentiary.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.

Petition for writ of habeas corpus.
The opinion of the Superior Court states the case.

*Chester H. Ashton,* for relator.

PER CURIAM, December 21, 1920:
The defendant upon pleading guilty to a charge of burglary was sentenced to pay a fine and costs, and to undergo imprisonment in the western penitentiary for a term of eight years.    No minimum or maximum term was fixed as provided by the Act of June 19, 1911, P. L. 1055, section 6.

As was said by this court in Com. v. Shields, 50 Pa. Superior Ct. 194, "The sentence is certainly not, in form, for an indefinite term, but for a definite and fixed term, and, therefore, is not in accordance with the mandatory provisions of the act." See Com. v. Francies, 67 Pa. Superior Ct. 588; Com. v. Francies, 58 Pa. Superior Ct. 273; Com. v. Bingle, 62 Pa. Superior Ct. 105.

Pursuing the same course as in the above cases we will remand the prisoner.    Now December 21, 1920, it is ordered and adjudged that the relator be remanded, and that the record be remitted to the Court of Oyer and Terminer of Potter County, to the end that appropriate process may be issued to bring him into court for resentence in accordance with law.