Commonwealth *v.* Harrison, Appellant.
Commonwealth *v.* Mandel, Appellant.

Submitted September 30, 1940.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*A. M. Oliver,* for appellants.

**454**

*Andrew T. Park,* District Attorney, and *Russell H. Adams,* Assistant District Attorney, for appellee.

OPINION BY HIRT, J., December 11, 1940:

In a general verdict, each of these defendants was found guilty of a number of separate and distinct violations of the Securities Act of April 13, 1927, P. L. 273, 70 PS 1. The court in sentencing, lumped the penalties of a number of counts and ordered the defendant Mandel to pay a fine of $2,500 and to undergo imprisonment in the Allegheny County Workhouse for eight years and the defendant Harrison to pay a like fine with imprisonment for six years. The maximum penalty for the offense charged in any one count in either indictment is a fine of $5,000 and imprisonment for two years. In the former appeals of these cases (137 Pa. Superior Ct. 279) we said: "Since the verdict was general and only one sentence was imposed, the maximum penalty under the law cannot exceed the maximum penalty which could be imposed under any of the counts" and accordingly remanded the cases, directing that the defendants appear for sentence anew according to law. The lower court did not accept the above suggestion as a statement of the principle controlling these cases and resentenced the defendant Harrison on the third count of the indictment to pay a fine of $5,000 and to undergo imprisonment for two years and on the fifth count to an additional term of two years "to begin and take effect at the expiration of sentence imposed at the third count." Similarly, the defendant Mandel was ordered to pay a fine of $5,000 and to undergo imprisonment for two years on the fifth count of the indictment with an additional penalty of imprisonment for a term of two years on each of three other counts, to be served consecutively. In these appeals the defendants question the propriety of these sentences.

It is no objection that the general verdict did not

state specifically upon which counts it was found and the court in the first instance might have imposed separate sentences for each violation under the general verdict. *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 174 A. 295. But this was not done, though in lumping the penalties of a number of distinct offenses in each original sentence the court undoubtedly intended the order to have the effect of sentences on each of separate counts to be served consecutively. It may now be regarded as the settled law that a lumping sentence cannot be the means of attaining that end and that after the term these defendants could not be resentenced to consecutive penalties on separate counts.

The power of a court to sentence a defendant after the term of his conviction may be preserved by remanding the prisoner for sentence at a future time (*Williams v. Com.,* 29 Pa. 102; *Com. v. Mayloy,* 57 Pa. 291) or by suspending sentence on any or all of the convictions comprised in the general verdict. But in the absence of an order suspending sentence on specific counts, a sentence for any of the offenses exhausts the power of the court and that power may not be revived at a later term. After term, a court is without authority to interfere either by increasing or by reducing the punishment imposed. "There must be a time when the power of a court to open its judgments, obtained adversely, ceases"; that time ended in these cases with the close of the term of the original sentences. *Com. v. Mayloy,* supra; *Com. v. Nuber,* 6 Pa. Superior Ct. 420; *Com. v. Hamel,* 44 Pa. Superior Ct. 464; *Com. v. Ciccone,* 84 Pa. Superior Ct. 224; *Com. v. Dudick,* 88 Pa. Superior Ct. 87; *Moskowitz's Registration Case,* 329 Pa. 183, 196 A. 498.

Each of the original orders, considered as a sentence on one count, was voidable because excessive; viewed as a sentence on two or more counts it was voidable for the same reason. Regardless of the evident inten-

tion of a lumping sentence, the penalties of a number of counts cannot have a cumulative effect. The only method recognized in law for the accomplishment of that result, requires separate orders on separate counts with the express direction, in apt language, that the sentences shall take effect consecutively. Regardless of form, without that definite direction, the sentences operate concurrently. There was no suspending of sentence on any of the counts in these cases. And since, at most, a lumped sentence can be considered the equivalent of separate concurrent sentences and the penalties imposed cannot be increased to give them consecutive effect after the close of the term, in practice a voidable lumped sentence is amended to comply with the law by reducing the penalty to the maximum of one count alone. Measured by the character and extent of punishment by imprisonment, there is no real difference between the maximum penalty of one count and the penalties of two or more counts served concurrently.

In *Halderman's Petition*, 276 Pa. 1, 119 A. 735, a lumped penalty of thirteen years' imprisonment had been imposed in a single sentence on convictions of breaking and entering and of larceny. On habeas corpus, the sentence was amended in the Supreme Court by reducing the term to ten years, the maximum for the single offense of breaking and entering. In discussing the controlling principles of law which apply with equal force to the present case, it was there said: "There is no question of the right to sentence on each count, and to direct that the second term shall begin upon the expiration of the first: *Com. v. Birdsall*, 69 Pa. 482; *Russell v. Com.*, 7 S. & R. 489; *Mills v. Com.*, 13 Pa. 631. *The difficulty in the present case arises from the failure of the court to expressly direct that the punishment be cumulative. In the absence of such order, the sentences run concurrently, 16 C. J. 1307.* [Italics supplied.] This rule makes necessary the modification of the judgment entered, but does not result in a dis-

charge of the relator. The term having expired, the court below could not alter its order by directing that the imprisonment be cumulative, since this would result in an increase of the time of incarceration (*Com. v. Mayloy,* 57 Pa. 291; *Com. v. Keeper,* 6 Pa. Superior Ct. 420); ...... The judgment so entered is voidable only (*Halderman's Case,* supra [53 Pa. Superior Ct. 554]), and can be corrected by either remanding the prisoner for resentence, or this court may direct the necessary change, as was recently ordered in *Com. v. Leib,* 116 Miscellaneous Docket No. 4." In *Com. ex rel. Holinko v. Ashe,* 290 Pa. 534, 139 A. 197, the sentence lumped the penalties of two offenses and on habeas corpus the convict was discharged after having served the maximum term of imprisonment for the one more serious crime. A lumped fine of $4,000 for four separate offenses was set aside in *Com. v. Clark,* 123 Pa. Superior Ct. 277, 187 A. 237 and it was held that the fine could not exceed $1,000, the maximum fine on any one count. Similarly, in *Com. ex rel. Miller v. Ashe,* supra, the sentence imposed was the cumulative maximum and minimum of two separate convictions of sodomy. The sentence was reduced in this court to the penalty of one of them.

Accordingly, the judgments in Nos. 278 and 279 are reversed and the sentence in each case is amended, by reducing the penalties to a fine of $5,000 and imprisonment for two years, the maximum under any one count.