Commonwealth *v.* Downer, Appellant.

Argued April 23, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry Irwin Glick,* for appellant.

*Louis L. Kaufman,* with him *Artemus C. Leslie,* District Attorney, for appellee.

PER CURIAM, July 17, 1947:

When this case was before us for the first time (*Com. v. Downer,* 159 Pa. Superior Ct. 626, 49 A. 2d 516), we overruled the assignments of error except those relating to the several sentences, which were sustained, and remitted the record to the court below with direction to proceed to sentence defendant anew in due form and according to law on three (Nos. 257, 269, and 270, March Sessions, 1945) of the five indictments (Nos. 257, 267, 268, 269, and 270, March Sessions, 1945). We held that bills Nos. 267 and 268 would not sustain sentences as they charged in variant form the same offense as that set forth in bill No. 269; and the sentence imposed on each of the five indictments was reversed and set aside.

The court below, on remission of the record, sentenced defendant anew; and the present appeal challenges the validity of that action.

The initial action of the court below had been to suspend sentence upon bill No. 257. Defendant had been sentenced upon bill No. 268 to imprisonment in the Western Penitentiary for not less than one nor more than three years, effective as of November 2, 1945; upon bill No. 269 to imprisonment for not less than one nor more than three years, to begin to be served at expiration of sentence upon bill No. 268; upon bill No. 270 to imprisonment for not less than one nor more than two years, to begin to be served at expiration of sentence upon bill No. 269; and upon bill No. 267 to imprisonment for not less than one nor more than two years, to begin to be served at expiration of sentence upon bill No. 270.

It is therefore apparent that our order, holding that the sentences upon bills Nos. 267 and 268 were invalid, broke the chronological chain by which the remaining valid sentences were bound together in consecutive order, and left them without the designation of an effective date upon which to commence. Reframing the sentences in this respect was therefore necessary. The court below, however, on remission of the record, made substantial modifications in the concededly valid sentences. It entered a suspended sentence upon bill No. 270; and in place of the original sentence upon bill No. 269 it sentenced defendant to imprisonment for not less than four nor more than eight years, effective November 2, 1945, which is within the maximum limit set by the applicable statutory provision (Act of June 24, 1939, P. L. 872, §803, 18 PS §4803). The practical effect of the sentences thus modified is to require defendant to serve the same total minimum time as he would have been obliged to serve had this Court not held the sentences upon bills Nos. 267 and 268 to be invalid.

Defendant has appealed, and contends (1) that the court below had no power to change the valid sentences after the expiration of the term at which they were originally imposed; and (2) that this Court had no power to bring about an increase in a valid sentence by reversing the original sentence and remitting the record to the lower court for sentence anew.

It is a well established general rule that a court has no authority to alter a sentence, either by increasing or reducing the punishment imposed, after the expiration of the term at which the defendant was convicted. *Com. v. Denson,* 157 Pa. Superior Ct. 257, 259, 40 A. 2d 895; *Com. v. Harrison,* 142 Pa. Superior Ct. 453, 455, 16 A. 2d 665. However, the court may preserve its power to sentence a defendant after the term of his conviction by remanding the prisoner for sentence at a future time, or by suspending sentence. *Com. v. Mayloy,* 57 Pa. 291, 300; *Com. v. Harrison,* supra, 142 Pa. Superior Ct. 453, 455, 16 A. 2d 665. And, where an order originally entered by the court is a nullity because the court had no jurisdictional authority to so act, the court may subsequently, even after expiration of the term, revoke the invalid order and impose a legal sentence in conformity with law.[1] *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 546, 547, 198 A. 812.

Where an appellate court reverses an original sentence because it is an illegal or erroneous sentence, and remits the record for appropriate action, the lower court may proceed to sentence the defendant anew in proper form and according to law. *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 293, 199 A. 185. This is true whether the instrumentality of review be an appeal (*Com. v. Shields (No. 2),* 50 Pa. Superior Ct. 194), or a writ of habeas corpus (*Com. ex rel. McGinnis v. Ashe,* supra, 330 Pa. 289, 199 A. 185; *Com. ex rel. Snyder v. Francies,* 58 Pa. Superior Ct. 273).

---

[1] See *Ruben v. Welch,* 4 Cir., 159 F. 2d 493; *De Benque v. United States* (App. D. C.), 85 F. 2d 202, 106 A. L. R. 839, 847.

The power of the lower court "to sentence the defendant anew" under such circumstances is not, however, an unlimited one; it is restricted to the correction of the specific features of the original sentence which the appellate court has held to be illegal or erroneous. This principle is illustrated by *Com. v. Harrison*, 137 Pa. Superior Ct. 279, 8 A. 2d 733; 142 Pa. Superior Ct. 453, 16 A. 2d 665. The first time that case was before us we held that the sentence, imposed after a general verdict of guilty upon a number of separate counts, was illegal because the court lumped the penalties; and we remanded the same with instructions to sentence the defendant anew according to law. The lower court proceeded to impose consecutive sentences upon the several counts. Upon the second appeal, we held that this was improper; and we said, in an opinion by Judge HIRT (*Com. v. Harrison*, supra, 142 Pa. Superior Ct. 453, 455, 456, 16 A. 2d 665, 667) : "Each of the original orders, considered as a sentence on one count, was voidable because excessive; viewed as a sentence on two or more counts it was voidable for the same reason. Regardless of the evident intention of a lumping sentence, the penalties of a number of counts cannot have a cumulative effect. The only method recognized in law for the accomplishment of that result, requires separate orders on separate counts with the express direction, in apt language, that the sentences shall take effect consecutively. Regardless of form, without that definite direction, the sentences operate concurrently. . . . And since, at most, a lumped sentence can be considered the equivalent of separate concurrent sentences and the penalties imposed cannot be increased to give them consecutive effect after the close of the term, in practice a voidable lumped sentence is amended to comply with the law by reducing the penalty to the maximum of one count alone." See, also, *Halderman's Petition*, 276 Pa. 1, 4, 119 A. 735; *Com. v. Mayloy*, supra, 57 Pa. 291; *Com. ex rel. Nagle v. Smith*, 154 Pa. Superior Ct. 392, 395, 36 A. 2d 175.

In the present case, we think it is clear that the court below exceeded its powers in attempting to change the terms of imprisonment which had been imposed on bills Nos. 269 and 270. The sole respect in which they required adjustment was in restating the date from which the sentences should commence and the consecutive order in which they should be served.

The Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192, defining the powers of the Superior Court, states: "The superior court may . . . affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, . . . But it may not increase (although it may reverse) any sentence upon any indictment, . . ." This same provision against increasing a sentence upon an indictment is repeated in section 9, paragraph 4, of the Act of June 24, 1895, P. L. 212, 17 PS §195, in defining the power of the Supreme Court on appeals from the Superior Court. *Com. v. Heller et al.,* 147 Pa. Superior Ct. 68, 70, 24 A. 2d 460; *Com. v. Rouchie et al.,* 135 Pa. Superior Ct. 594, 7 A. 2d 102.

This Court has the power either to amend or mould a sentence so that it conforms with the law, or to remit the record to the court below for proper sentence. *Com. v. Bingle,* 62 Pa. Superior Ct. 105; *Beale v. Com.,* 25 Pa. 11; *Mills v. Com.,* 13 Pa. 631.

But the imposition of sentences in criminal cases in the first instance is not the function of an appellate court; this is a matter peculiarly within the discretion of the trial judge who sees the defendant and hears the witnesses. *Com. v. Fitzgerald,* 101 Pa. Superior Ct. 308; *Com. v. Dickson,* 125 Pa. Superor Ct. 110, 114, 189 A. 553; *Com. v. Thompson,* 328 Pa. 27, 31, 195 A. 115. "While the appellate court will not, as a general rule, interfere with the discretion of the trial court in imposing a sentence within the statutory limits, where it is manifest from the evidence that the sentence imposed is excessive, or visits too severe a punishment, the appellate court may, in the exercise of its statutory power to correct errors in the judgment appealed from, reduce or

modify the sentence": 3 Am. Jur., Appeal and Error, §1182, p. 689, citing *Com. v. Garramone,* 307 Pa. 507, 161 A. 733, 89 A. L. R. 291.

Where a sentence is illegal because greater than the maximum allowed by statute, this Court, without remanding the case or remitting the record to the court below, may reduce the sentence to the maximum (*Com. ex rel. Rogers v. Ashe,* 133 Pa. Superior Ct. 364, 3 A. 2d 45; *Com. ex rel. Zambelli v. Smith,* 153 Pa. Superior Ct. 411, 33 A. 2d 925); and where the sentence is illegal because it directs a confinement in an unauthorized place the appellate court will direct resentence (*Com. ex rel. Guiramez v. Ashe,* 293 Pa. 18, 141 A. 723; *Com. v. Bingle,* supra, 62 Pa. Superior Ct. 105; *Com. v. Fetterman,* 26 Pa. Superior Ct. 569, 572).

In the present case, under the statute, this Court could not have set aside the otherwise valid sentence upon bill No. 269 of from one to three years and have imposed a greater sentence in length of time of incarceration. The contention that we could remit the record to the court below for resentencing the defendant, permitting that court to impose a longer term of imprisonment when it had no such power except by our order, has no support in law or logic.[2] Setting aside a valid sentence upon any indictment and remitting the record to the court below that it may impose an increased sentence upon that indictment would be, in our judgment, a violation of the prohibition contained in the Act. A sentence is not necessarily erroneous or illegal because it is not as severe as we think it should be.

We can amend by striking out those sentences which were invalid and directing that the time be computed consecutively on the valid sentences, that is, by changing the sequence or time of taking effect of the two remaining valid sentences, as was done in *Mills v. Com.,* supra, 13 Pa. 630, 633.

---

[2] See *Robinson v. United States,* 10 Cir., 147 F. 2d 915.

In order to avoid any further confusion, we shall not remit the record to the court below, but shall exercise our inherent power to amend so as to make the sentences conform with the law. Accordingly, the original sentences upon bill No. 269 of one to three years, and upon bill No. 270 of one to two years in the Western Penitentiary, are reinstated; sentence upon bill No. 269 to begin to be served as of November 2, 1945; sentence upon bill No. 270, to begin to be served at the expiraton of the sentence upon bill No. 269; defendant to be given credit for time already served. Sentences upon bills Nos. 267 and 268 remain vacated and set aside as invalid. Sentence upon bill No. 257 is not vacated, but remains suspended as originally entered by the trial court.

As modified, the judgments and sentences are affirmed.