## Commonwealth ex rel. Cohen v. Burke, Warden

*John Cohen*, petitioner; pp.

*J. Stroud Weber*, district attorney, for Commonwealth.

KNIGHT, P. J., November 14, 1950.—Relator, a prisoner in the Graterford Branch of the Eastern State Penitentiary, filed, on October 19, 1950, a petition praying that a writ of habeas corpus be awarded, directed to the warden of the Eastern State Penitentiary, commanding him to produce relator in court, and show cause why he is restrained of his liberty.

On this petition a rule was allowed upon the Pennsylvania Board of Parole, the District Attorney of Philadelphia County, the District Attorney of Montgomery County, and the warden of the Eastern State Penitentiary, to show cause why the prayer of the petition should not be granted. Answers were filed by the District Attorney of Philadelphia County and the warden.

An examination of the petition and answers shows that there are no disputed questions of fact, and the case may be decided on the question of law as disclosed by the pleadings. We will set forth, in a footnote, the entire record of the sentences imposed on relator as appears in the petition and answers.*

---

\* Record of sentences of John Cohen:

September 8, 1939, sentenced on bill 685, August sessions, 1939: 18 months to three years, to be computed from August 16, 1939.

December 3, 1941, paroled.

May 7, 1942, sentenced on bill 325, April sessions, 1942, to a term of from one year to five years, Eastern State Penitentiary, to run concurrent with parole violation time under bill 685, August sessions, 1939.

July 14, 1944, paroled on bill 325, April sessions, 1942.

November 15, 1945, sentenced on bill 83, November sessions, 1945, to Eastern State Penitentiary, for from one to two years, to begin at the expiration of parole violation on bill 325, April sessions, 1942.

According to the records at the Eastern State Penitentiary, his minimum on bill 83, November sessions, 1945, expired on April 8, 1950. He was given a hearing by the Board of Parole February 23, 1950, and was refused for a period of three months.

At a meeting of the Parole Board on May 24, 1950, he was again refused parole.

His maximum will expire on April 8, 1951.

The record shows that relator was sentenced by Judge Frank Smith, in the Court of Oyer and Terminer of Philadelphia County, on May 7, 1942, to serve a sentence of not less than one year or more than five years, in the Eastern State Penitentiary, to run concurrently with violated parole on bill 685 of August sessions, 1939, imposed September 8, 1939.

On bill 685, August sessions, 1939, relator had unexpired parole time of eight months and three days.

The gist of relator's complaint is that he has been allowed no credit for the eight months and three days which he contends that he served concurrently with his unexpired parole time under bill 685, in accordance with the sentence imposed by Judge Smith on bill 325, April sessions, 1942.

In Commonwealth ex rel. Lerner v. Smith, Warden, 151 Pa. Superior Ct. 265 (January 28, 1943), the court held inter alia:

"Where a convict is legally sentenced for a crime committed during his parole to the penitentiary from which he has been released on parole, the unexpired portion of his original sentence is to be served before he commences to serve the sentence imposed for the crime committed while on parole."

After this decision was handed down the prison authorities changed the date of the commencement of the sentence of from one to five years imposed under bill 325, April sessions, 1942, from May 7, 1942, the date it was imposed, to January 11, 1943, at which time he had fully completed the sentence imposed on bill 625, August sessions, 1939.

Relator contends that the prison authorities had no power or authority to make the change: Commonwealth ex rel. Lerner v. Smith, Warden, supra, did not change the law: it declared what was the law under the Act of 1911, as amended.

In the present case Judge Smith was laboring under a misapprehension of what the law was: a misapprehension that he shared with many of the judges of the State. That portion of the sentence imposed under bill 325, April sessions, 1942, which directed that it be served concurrently with unexpired parole time under bill 625, August sessions, 1939, was improper, illegal and invalid.

The remedy for correcting a sentence invalid in part, is not to discharge the prisoner, but to permit the sentencing court to correct the sentence, so that it will comply with the law: Commonwealth ex rel. Snyder v. Francies, 58 Pa. Superior Ct. 273 (1914) ; Commonwealth ex rel. v. Francies, 75 Pa. Superior Ct. 269 (1920) ; Commonwealth v. Curry, 285 Pa. 289 (1926).

In Commonwealth v. Downer, 161 Pa. Superior Ct. 339, 342 (1947), it is said:

"And, where an order originally entered by the court is a nullity because the court had no jurisdictional authority to so act, the court may subsequently, even after expiration of the term, revoke the invalid order and impose a legal sentence in conformity with law: Commonwealth ex rel. Paige v. Smith, Warden, 130 Pa. Superior Ct. 536."

The Court of Oyer and Terminer of Montgomery County has no authority to resentence relator, and even if we had such authority we would not presume to substitute our judgment for that of the Court of Oyer and Terminer of Philadelphia County. The situation is unusual, and we have been unable to find any precedent to guide us, for all of the cases we have examined are decisions of our appellate courts, in which the record has been remanded to the lower court for correction.

We are of the opinion that the sentence imposed on bill 325, April sessions, should be corrected, hence the following

*Order*

And now, November 14, 1950, it is ordered and adjudged that the within rule be made absolute, and the application for a writ of habeas corpus be treated as if the writ had issued, and the relator, John Cohen, produced before us.

It is further ordered and adjudged that relator be remanded to the Eastern State Penitentiary, for resentence by the Court of Oyer and Terminer of Philadelphia County, on bill 325, April sessions, 1942, at such time as that court, by appropriate process, may fix.