## Commonwealth ex rel. Matthews v. Burke

*High, Swartz, Flynn & Roberts*, for relator.

KNIGHT, P. J., June 15, 1951.—Relator filed in this court a petition for a writ of habeas corpus. On this petition a rule was allowed on the District Attorney of Northumberland County, the Pennsylvania Board of Parole and the warden of the Eastern State Penitentiary to show cause why the writ should not be awarded.

No answers to the rule were filed by the District Attorney of Northumberland County or the Pennsylvania Parole Board but the warden filed an answer which consisted merely of a copy of the commitment of relator to the penitentiary.

As none of the facts averred in the petition are denied, we may assume that they are true.

On December 30, 1931, relator was sentenced to serve a period of not less than 10 nor more than 20 years by the Court of Oyer and Terminer of Philadelphia County.

Sometime prior to May 24, 1941, relator was paroled and on the above date was arrested in Shamokin for robbery. He was tried and convicted in the Court of

Oyer and Terminer of Northumberland County on indictment no. 20, September term, 1941, and sentenced to a term of not "less than five or more than ten years to date from May 24th, 1941, the date of commitment, and to run concurrently with his parole."

In 1943 the decision of the Superior Court in Commonwealth ex rel. Lerner v. Smith, 151 Pa. Superior Ct. 265, was handed down and by virtue of that decision the authorities of the Eastern State Penitentiary changed the sentence of relator by substituting the word "consecutively" for the word "concurrently".

On February 15, 1947, relator was reparoled as to the back time on the sentence imposed by the Court of Philadelphia County and was informed that the sentence imposed by the Court of Northumberland County would then begin to run.

On May 11, 1950, relator filed a petition for a writ of habeas corpus in the Court of Quarter Sessions of Northumberland County. A rule to show cause why the writ should not be awarded was allowed.

On July 3, 1950, the court of Northumberland County handed down an opinion and an order discharging the rule and refusing the writ.

Relator then appealed to the Superior Court, which court on April 9, 1951, dismissed the appeal without an opinion but probably on the ground that the petition for the writ of habeas corpus had been filed in the wrong court. Unfortunately, this court had exclusive jurisdiction of petitions for writs of habeas corpus filed by prisoners incarcerated in the Graterford branch of the Eastern State Penitentiary, a situation which the present legislature has corrected.

The court of Northumberland County was without jurisdiction to entertain the petition of relator, and hence the decision of that court and of the Superior Court are not res adjudicata. If the court of Northumberland County had directed that the sentence of re-

lator was "to date from May 24, 1941, the date of commitment" and there stopped, the case would fall squarely within the swathe of Commonwealth ex rel. Lerner v. Smith, Warden, supra, but the sentencing judge went further and ordered that the sentence "run concurrently with his parole", which can only be taken to mean—concurrently with the parole time owed the penitentiary for the breach of parole on the Philadelphia County sentence.

The prison authorities by changing the word "concurrently" to "consecutively" have, in effect, added several years to the sentence imposed by the court and this they had no authority to do. We are of the opinion that the portion of the sentence imposed under indictment no. 20, September term, 1941, supra, which directed that it be served concurrently with unexpired parole time under the sentence imposed by the Philadelphia County court was improper, illegal and invalid.

It may well be that the sentencing judge imposed the sentence that he did in view of the long maximum hanging over relator by reason of the Philadelphia sentence.

The remedy for correcting a sentence invalid in part is not to discharge the prisoner, but to permit the sentencing court to correct the sentence, so that it will comply with the law: Commonwealth ex rel. Snyder v. Francies, 58 Pa. Superior Ct. 273 (1914) ; Commonwealth ex rel. v. Francies, 75 Pa. Superior Ct. 269 (1920) ; Commonwealth ex rel. v. Curry, 285 Pa. 289 (1926).

In Commonwealth v. Downer, 161 Pa. Superior Ct. 339, 342 (1947), it is said:

"And, where an order originally entered by the court is a nullity because the court had no jurisdictional authority to so act, the court may subsequently, even after expiration of the term, revoke the invalid order and impose a legal sentence in conformity with law:

Com. ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536."

The Court of Oyer and Terminer of Montgomery County has no authority to resentence relator and even if we had such authority we would not presume to substitute our judgment for that of the Court of Oyer and Terminer of Northumberland County.

On May 25, 1951, the Governor signed Act No. 98, which, inter alia, provides that the committing court shall have exclusive jurisdiction of applications for writs of habeas corpus filed by inmates of State penitentiaries. The Court of Common Pleas of Northumberland County now has jurisdiction to entertain an application for a writ of habeas corpus in this case, and that is the court that should dispose of the matter.

And now, June 15, 1951, the rule is discharged without prejudice to the right of relator to file an application for a writ of habeas corpus in the Court of Common Pleas of Northumberland County.