J-A25012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REMIRO MALDONADO, | : | |
| | : | |
| Appellant | : | No. 2490 EDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003033-2016

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 31, 2018**

Appellant Remiro Maldonado seeks review of the Judgment of Sentence imposed after a jury convicted him of, *inter alia*, Murder of the First Degree and Conspiracy to Commit Murder of the First Degree.[1]  He challenges the legality of the life sentence that the court imposed for his Conspiracy conviction.  After careful review, we amend the sentence imposed for the Conspiracy to Commit Murder conviction.[2]

The trial court has set forth the underlying facts in its Pa.R.A.P. 1925(a) Opinion and we need not repeat them for purposes of this appeal.  **See** Trial Ct. Op., filed 4/18/18, at 3-7.  Briefly, on October 21, 2015, Appellant and

---

[1] 18 Pa.C.S. §§  2502(a) and 903(a)(1), respectively.

[2] **See Commonwealth v. Alicea**, 449 A.2d 1381, 1385 n.9 (Pa. 1982) (finding remand unnecessary to amend sentence because "the record clearly indicates what the sentence would have been absent error.").

two other individuals shot and killed Daquan Medina during a drug transaction in Philadelphia. A jury convicted Appellant of Murder of the First Degree, Conspiracy to Commit Murder of the First Degree, Robbery, and various firearms offenses. On April 18, 2017, the court sentenced Appellant to, *inter alia*, life imprisonment without the possibility of parole for the Murder and a concurrent term of life imprisonment for the Conspiracy to Commit Murder conviction.[3]

Appellant filed a post-trial Motion, which the court denied on August 1, 2017. Appellant timely appealed to this Court. Appellant filed a Pa.R.A.P. 1925(b) Statement raising five issues, to which the trial court responded with a Pa.R.A.P. 1925(a) Opinion.

In his Brief, Appellant raises just one issue for our review:

Is the sentence of life imprisonment imposed on the Conspiracy to Commit Murder conviction illegal and must it be vacated?

Appellant's Brief at 3.[4]

_____

[3] The court sentenced Appellant for his other convictions to concurrent terms of incarceration as follows: (1) Robbery - Inflict Serious Bodily Harm, 18 Pa.C.S. § 3701(a)(1)(i), ten to twenty years; (2) Firearms Not to be Carried Without a License, 18 Pa.C.S. § 6106(a)(1), three years, six months to seven years; (3) Carrying a Firearm in Public in Philadelphia, 18 Pa.C.S. § 6108, two years, six months to five years; (4) Possession of an Instrument of Crime, 18 Pa.C.S. § 907(a), two years, six months to five years; and (5) Conspiracy to Commit Robbery – Infliction of Serious Bodily Harm, 18 Pa.C.S. § 903, ten to twenty years.

[4] Appellant did not raise this issue in his post-sentence Motion or his Pa.R.A.P. 1925(b) Statement. However, "[a] challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained

Appellant contends that, pursuant to 18 Pa.C.S. § 1102(c), the court illegally imposed a life term for his Conspiracy to Commit Murder of the First Degree conviction.

Our standard of review over challenges to the legality of sentence is *de novo* and our scope of review is plenary. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2014). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014).

Section 1102(c) provides, in relevant part, that "a person who has been convicted of . . . conspiracy to commit murder, . . . where serious bodily injury results[,] may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1102(c).

We agree with Appellant that the court improperly sentenced him to a life sentence for the Conspiracy to Commit Murder conviction. Pursuant to 18 Pa.C.S. § 1102(c), a court may impose a sentence of up to forty years only for such a conspiracy offense. Accordingly, the sentence imposed on Appellant's Conspiracy to Commit Murder conviction is illegal and cannot stand.

---

so long as the reviewing court has jurisdiction." **Commonwealth v. Robinson**, 931 A.2d 15, 19–20 (Pa. Super. 2007) (*en banc*). We, thus, review Appellant's challenge to the legality of his sentence.

Rather than remand for resentencing, this Court will amend the sentence imposed for the conviction of Conspiracy to Commit Murder to the statutory maximum concurrent term of forty years' incarceration. *See **Commonwealth v. Eberts***, 422 A.2d 1154, 1156 (Pa. Super. 1980) (*per curiam*) (holding that if correction of sentence is required, the reviewing court may remand for resentencing or amend the sentence directly); ***Commonwealth v. Downer***, 53 A.2d 897, 901 (Pa. Super. 1947) (*per curiam*) (holding that "[w]here a sentence is illegal because greater than the maximum allowed by statute, this Court, without remanding the case or remitting the record to the court below, may reduce the sentence to the maximum." (citations omitted)). Amending the Judgment of Sentence for the Conspiracy conviction to the statutory maximum does not upset the sentencing scheme as the court ordered all sentences to run concurrently with the mandatory sentence of life without parole imposed for Appellant's Murder conviction. ***See Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa. Super. 2006) (finding no need for remand because vacating sentence did not disturb sentencing scheme where that sentence was concurrent with other terms and did not change the aggregate length of incarceration).

Accordingly, we amend the sentence of life imprisonment imposed for Conspiracy to Commit Murder to a concurrent term of forty years' incarceration as allowed by 18 Pa.C.S. § 1102(c). Judgment of Sentence affirmed in all other respects.

Convictions affirmed. Judgment of Sentence amended in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/18